UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANK BRUNETTA,

    Plaintiff,

v.                                                    CASE NO.:

ALLY FINANCIAL, INC.,

    Defendant
_____/

## COMPLAINT

COMES NOW, Plaintiff, Frank Brunetta, by and through the undersigned counsel, and sues Defendant, ALLY FINANCIAL INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like ALLY FINANCIAL INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Cobb County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Cobb County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Cobb County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, ALLY FINANCIAL INC.(hereinafter "Ally Financial"), is a corporation with its principal place of business located at 200 Renaissance Center, 482 B09 C24, Detroit, MI , 48265 and which conducts business in the State of Georgia through its registered agent, CT Corporation, located at 1201 Peachtree St., N.E., Fulton, Atlanta, GA, 30361.

11. Ally Financial called Plaintiff approximately two hundred (200) times since January 1, 2016, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls Ally Financial made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he received prerecorded messages from Ally Financial.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352)***-7755 and was the called party and recipient of Defendant's calls.

14. Beginning on or about January 1, 2016, Ally Financial began bombarding Plaintiff's cellular telephone (352)***-7755 in an attempt to collect on a car loan.

15. Defendant knowingly and /or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately January 1, 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. On or about January 2016 Plaintiff first requested that the calls to his cell phone cease. The Plaintiff orally revoked his consent to be called by the Defendant many more times in an effort to stop the collection calls.

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after January 2016 were done so after he had revoked consent.

18. Plaintiff is the regular user and carrier of the cellular telephone number (352) ***-7755 and was the called party and recipient of Defendant's auto dialer calls.

19. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (972) 537-3101; (972) 537-3106 and (888) 925-2559, and when those numbers are called, a pre-recorded voice or a representative answers and identifies the company as "Ally Financial".

20. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

21. The Plaintiff received an estimated one hundred seventy-five (175) calls from the Defendant between the time he initially revoked his consent to be called in January 2016 and the filing of this law suit, and estimates dozens of other calls before that time period.

22. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on April 11, 2016; April 12, 2016 and April 13, 2016.

23. Ally Financial has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

24. Ally Financial has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's

cellular telephone in this case, with no way for the consumer, or Ally Financial to remove the number.

26. Ally Financial's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Ally Financial they do not wish to be called.

26. Ally Financial has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. Ally Financial has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28. Ally Financial has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

29. Ally Financial's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Ally Financial's call list.

30. Ally Financial has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not one of Ally Financial's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. Ally Financial willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, embarrassment and aggravation.

## COUNT I
**(Violation of the TCPA)**

34. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. Ally Financial willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Ally Financial that Plaintiff wished for the calls to stop

36. Ally Financial repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLY FINANCIAL INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further

violations of these parts and any other such relief the court may deem just and proper.

        Respectfully submitted,

        */s/Octavio "Tav" Gomez, Esquire*
        Octavio "Tav" Gomez, Esquire
        Georgia Bar #: 617963
        Morgan & Morgan, Tampa, P.A.
        201 North Franklin Street, 7th Floor
        Tampa, FL 33602
        Telephone: (813) 223-5505
        Facsimile:  (813) 223-5402
        tgomez@forthepeople.com
        fkerney@forthepeople.com
        jkneeland@forthepeople.com
        amoore2@forthepeople.com
        Attorney for Plaintiff